**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ARABELLA PH 3201 LLC and ALI CHOUDHRI,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:26-cv-07537** |
| **TRAVIS B. VARGO, individually and in his purported capacity as court-appointed receiver; THE VARGO LAW FIRM, P.C.; OSAMA ABDULLATIF; ALAN ROSEN, individually and in his official capacity as Constable, Harris County Precinct One; and HARRIS COUNTY, TEXAS,** | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Arabella PH 3201 LLC and Ali Choudhri ("Plaintiffs") file this First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) against Defendants Travis B. Vargo, individually and in his purported capacity as court-appointed receiver; The Vargo Law Firm, P.C.; Osama Abdullatif; Alan Rosen, individually and in his official capacity as Constable of Harris County, Precinct One; and Harris County, Texas, and show the Court as follows:

# I. INTRODUCTION

1. This case is about one residential condominium, Unit 3201 of the Arabella Condominiums at 4521 San Felipe Street, Houston, Texas 77027 (the "Unit"), owned by Arabella PH 3201 LLC, and about the entry into and seizure of the Unit on September 15, 2026.

2. Vargo is the purported receiver appointed in two Harris County cases against an individual, Ali Choudhri. The orders that appointed him exclude from the receivership "his ownership interests in any limited liability company," As to those interests, the orders issue a charging order under Section 101.112 of the Texas Business Organizations Code. Arabella PH 3201 LLC is not a judgment debtor. It was not a party to either case. It was not served or heard.

3. Vargo has said in his own filings that Arabella PH 3201 LLC is the record owner of the Unit His counsel has told a federal bankruptcy court that "the receivership order on its face would indicate otherwise" than that Vargo has control of the Choudhri limited liability companies. Two federal bankruptcy judges have ruled that the orders "expressly and unconditionally except the Choudhri LLCs from turnover." Vargo testified under oath on September 23, 2026 that the orders contain a procedure for adjudicating third-party rights in the Harris County court. He never used it against Arabella PH 3201 LLC.

4. On September 15, 2026, four days after Arabella PH 3201 LLC filed a chapter 11 petition and five days after Vargo agreed on the record in a Harris County court not to remove the occupants of the Unit before a hearing, Vargo, his firm's lawyer

Michael Poynter, deputies of Defendant Alan Rosen, the Harris County Precinct One Constable, and a crew of movers entered the Unit, packed its contents, removed the occupants, and changed the locks. At 12:13 p.m. the presiding judge of the 333rd District Court ordered Vargo to stop. At 12:59 p.m. Vargo reported that everyone had been removed and the locks secured. At 1:30 p.m. the judge signed an order directing Vargo to stand down and return what had been taken. Files and property are still missing. No court has held a hearing since.

5. Plaintiffs do not ask this Court to review, reverse, or modify any state-court order. They sue for injuries caused by Defendants' own conduct on and after September 15, 2026, under 42 U.S.C. § 1983, 11 U.S.C. § 362, and Texas law.

## II. JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because Plaintiffs' claims under 42 U.S.C. § 1983 arise under the Constitution and laws of the United States. The Court has jurisdiction over the claim under 11 U.S.C. § 362 under 28 U.S.C. § 1334(b). The Court has jurisdiction over the declaratory claim under 28 U.S.C. §§ 2201 and 2202.

7. The Court has supplemental jurisdiction over the Texas-law claims under 28 U.S.C. § 1367(a). They arise from the same facts as the federal claims: Vargo's assertion of authority over the Unit and Plaintiffs' property, and the September 15, 2026 entry.

8. Arabella PH 3201 LLC was not a party to Cause No. 2012-27197-A or Cause No. 2012-27197-D in the 333rd Judicial District Court of Harris County, Texas. It was not cited, served, or heard in either cause. Arabella PH 3201 LLC complains of injuries caused by Vargo's acts: the entry and seizure on September 15, 2026, the removal and retention of Arabella PH 3201 LLC's property and records, the assertion of control over Arabella PH 3201 LLC's real property, and the recording and marketing activity described below. Arabella PH 3201 LLC does not seek review or rejection of any state-court judgment. Mr. Choudhri sues only for injuries caused by Defendants' conduct on September 15, 2026 and after, and does not seek review or rejection of any judgment or order entered against him.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). Each Defendant resides in this District, the Unit is in this District, and the events giving rise to the claims occurred here.

## III. <u>PARTIES</u>

10. Arabella PH 3201 LLC is a Wyoming limited liability company. It acquired the Unit by General Warranty Deed from Anosh Ahmed dated November 11, 2021, recorded as Document No. RP-2021-654150 in the Official Public Records of Real Property of Harris County, Texas. Vargo has filed papers in this Court and in the Bankruptcy Courts for the Southern District of Texas and the District of Wyoming stating that Arabella PH 3201 LLC is the record title holder of the Unit. (Doc. 11 at 6 n.1; Ex. WW.)

11. On September 11, 2026, Arabella PH 3201 LLC filed a voluntary petition under chapter 11 in the United States Bankruptcy Court for the District of Wyoming, No. 26-20432. That case was dismissed without prejudice on October 1, 2026 for failure to cure a filing deficiency, and the court denied a motion to vacate the dismissal on October 13, 2026. (Ex. WW.) On October 22, 2026, Arabella PH 3201 LLC filed a new chapter 11 petition in that court, No. 26-20508. Arabella PH 3201 LLC brings its claims here as debtor in possession.

12. Plaintiff Ali Choudhri is an individual residing in Harris County, Texas. He is the manager of Arabella PH 3201 LLC. He has lived in the Unit since November 2021. Arabella PH 3201 LLC is not a judgment debtor under any judgment held by Osama Abdullatif, Ali Mokaram, or Erica Nemeti.

13. Defendant Travis B. Vargo is an individual residing in Harris County, Texas. He has appeared in this action through counsel. (Docs. 8, 10, 11.) He is sued individually for damages and for declaratory and injunctive relief within the Court's power. He may be served through his counsel of record or wherever he may be found.

14. Defendant The Vargo Law Firm, P.C. (the "Firm") is a Texas professional corporation, Texas Secretary of State Filing No. 800827908. Vargo is its registered agent. The Texas Comptroller forfeited its corporate privileges on July 31, 2026 for nonpayment of franchise tax. (Ex. X.) Michael Poynter is an attorney with the Firm (State Bar No. 24092991; **mpoynter@vargolawfirm.com**). The Firm has appeared in this action through counsel. (Docs. 8, 10, 11.) It may be

served through its registered agent, Travis B. Vargo, through its counsel of record, or wherever it may be found.

15. Defendant Osama Abdullatif, also known as Osama Ali Abdullatif, is an individual residing in Harris County, Texas. He is the judgment creditor in Cause No. 2012-27197-A, the cause in which the writ of possession for the Unit issued. He is sued in his individual capacity. He may be served wherever he may be found.

16. Defendant Alan Rosen is the elected Constable of Harris County, Precinct One. The writ of possession for the Unit was directed to his office, his office posted the notice of execution at the Unit, and his deputies executed the writ on September 15, 2026. He has final authority over how his office executes writs of possession. He is sued in his individual and official capacities. He may be served wherever he may be found.

17. Defendant Harris County, Texas is a political subdivision of the State of Texas. Service on the County is governed by Texas Civil Practice and Remedies Code § 17.024(a). It may be served through its County Judge, 1001 Preston Street, Suite 911, Houston, Texas 77002, or wherever it may be found.

## IV. FACTUAL ALLEGATIONS

### A. The Judgments and the Turnover Orders

18. On October 23, 2023, the 333rd Judicial District Court of Harris County entered a Final Judgment in Cause No. 2012-27197-A (the "A-Case") in favor of Osama Abdullatif against Ali Choudhri for $3,332,366.98 plus interest. On November 7,

2023, the same court entered a Final Judgment Upon AAA Arbitration Award in Cause No. 2012-27197-D (the "D-Case") in favor of Ali Mokaram against Ali Choudhri, Dalio Holdings I, LLC, and Dalio Holdings II, LLC, and in favor of Erica I. Nemeti. (Ex. B ¶ 3; Ex. C ¶ 8.) Arabella PH 3201 LLC is not a judgment debtor under either judgment. Mr. Choudhri's appeals and a mandamus proceeding concerning the judgments are pending in Nos. 14-25-00614-CV and 14-24-00057-CV. Arabella PH 3201 LLC recites that history as background only.

19. On April 8, 2025 (D-Case) and April 9, 2025 (A-Case), the 333rd District Court signed Amended Orders Granting Turnover, Charging Order and Appointment of Receiver (the "Turnover Orders"), appointing Vargo as receiver under Chapter 31 of the Texas Civil Practice and Remedies Code. (Exs. B, C.)

20. Each Turnover Order defines the "Choudhri Receivership Assets" as all assets owned by Choudhri "except his ownership interests in any limited liability company." (Ex. B ¶ 8; Ex. C ¶ 14.)

21. Each Turnover Order lists twenty-four "Choudhri LLCs." Arabella PH 3201 LLC is item (a), the first on the list. (Ex. B ¶ 9; Ex. C ¶ 16.) As to the Choudhri LLCs, each Order issues a charging order under Section 101.112 of the Texas Business Organizations Code and directs that all "Companies and Choudhri shall pay to the Receiver any distributions and/or proceeds that would otherwise be due from such Companies to Choudhri." (Ex. B ¶ 18; Ex. C ¶ 24.)

22. Section 101.112 provides that a judgment creditor holding a charging order has "only the right to receive any distribution to which the judgment debtor would

otherwise be entitled," that the charging order is "the exclusive remedy" by which the creditor may satisfy the judgment out of the membership interest, and that the creditor "does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company." Tex. Bus. Orgs. Code § 101.112. Wyoming law, under which Arabella PH 3201 LLC is organized, is to the same effect. Wyo. Stat. § 17-29-503(g).

23. Each Turnover Order defines "Debtor" or "Debtors" to mean Choudhri (A-Case) or Choudhri and the two Dalio entities (D-Case), and no one else. (Ex. B ¶ 2; Ex. C ¶ 7.) The power-of-attorney paragraph authorizes the Receiver "to sign the name of Debtor to transfer real property titled in the names of Debtor to himself (as Receiver)." (Ex. B ¶ 27; Ex. C ¶ 33.) Neither Order contains a provision authorizing Vargo to sign for a limited liability company or to convey property titled in a limited liability company's name.

24. Each Turnover Order requires that all "real property sales of Receivership Assets must be individually ordered, after notice and hearing." (Ex. B ¶ 35; Ex. C ¶ 41.) Each provides a procedure, by verified claim or intervention in the appointing court, for third parties to assert rights in property the receiver claims. (Ex. B ¶ 22(d); Ex. C ¶ 28(d).) Each states repeatedly that "nothing in this Order is intended to violate any bankruptcy stay that may be applicable."

## B. Vargo's Own Statements of the Limits of His Authority

25. On April 3, 2025, testifying in *In re Texas REIT, LLC*, No. 24-10120 (Bankr. W.D. Tex.), about the original appointment orders, the following exchanges took place:

> THE COURT: "And the non-exempt asset of Choudhri then would be the LLC interest in Texas REIT."
>
> MR. VARGO: "I believe that -- the answer to that is no, Judge. This order does not turn over his LLC interest to me." (Ex. DD, Tr. 21:15-19.)
>
> MR. VARGO: ". . . I'm not taking the position that I have a turnover of the membership units of any LLC that Mr. Choudhri owns, that there's only a charging order against that, and I'm entitled to distributions from his LLC interests to the extent that they're made. That's the point of paragraph 18." (*Id.* 26:23-27:6.)
>
> THE COURT: ". . . it looks like to me that you have a right to exercise rights over Mr. Choudhri's membership interest in Texas REIT, correct?"
>
> MR. VARGO: "I have a right to his distributions only." (*Id.* 34:22-35:6.)

26. The amended Turnover Orders signed April 8 and 9, 2025 carry forward the same exclusion of Choudhri's limited liability company interests. (Ex. B ¶ 8; Ex. C ¶ 14; Ex. U at 7.)

27. On April 4, 2025, answering a lawyer who asked whether Vargo directed the acts of three entities, Vargo wrote:

> "The Order speaks for itself. However, I read and the law is that Receiver has a charging order over the LLCs only. I do not direct the acts and conduct of following entities and their lawyers . . . . I am allowed to monitor." (Ex. F.)

28. Vargo cited two Texas decisions for that reading: *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, and *Pajooh v. Royal West Investments LLC*, 518 S.W.3d 557. (Ex. F.)

29. On April 11, 2025, Vargo's counsel told the bankruptcy court in *Texas REIT*: "my reading of the order . . . is it is not intended to do anything other than be a charging order as to the entities." (Ex. UU, Tr. 47:13-16.)

30. On August 27, 2025, in *In re Meandering Bend, LLC*, No. 25-51814 (Bankr. W.D. Tex.), Vargo's counsel Leslie Luttrell stated:

> "We do believe, under a case called WC Colorado, that Mr. Vargo does, in fact, have full operational control, though the receivership order on its face would indicate otherwise because of the Texas Business Organizations Code protection of membership and managership authority over limited liability companies." (Ex. PP, Tr. 9:18-23.)

31. She added: "We believe that the receivership order will be modified to accurately reflect the current state of the law." (*Id.* 10:4-6.) Arabella PH 3201 LLC is not aware of any order modifying the Turnover Orders to give Vargo control of any Choudhri LLC or its property.

32. On September 16, 2026, the day after the entry described below, Ms. Luttrell told the bankruptcy court in *In re MCITBE LLC*, No. 26-32580-mvl11 (Bankr. N.D. Tex.):

> "Mr. Choudhri contends that because of an email that was sent to now deceased Kell Mercer at the very, very beginning of the receivership of Mr. Vargo that Mr. Vargo made a representation that he was only entitled to a charging order. And at the time of that particular email to Mr. Mercer, which I believe has shown up in multiple of Mr. Choudhri's pleadings, that predates the ruling out of the Fourteenth Court

> of Appeals in the case of WC 4th and Colorado." (Ex. QQ, Tr. 35:21-36:4.)

33. On September 23, 2026, Vargo testified in *MCITBE*. Reading paragraph 8 of the Turnover Orders, he agreed that the Choudhri Receivership Assets include "all assets owned by Choudhri except his ownership in any limited liability company." (Ex. RR, Tr. 162:2-21.) Asked whether that is what the order says, he answered: "That's what it says here." (*Id.* 170:17-21.) He agreed that the decision on which he relies, *WC 4th & Colorado*, post-dates the Turnover Orders. (*Id.* 141:4-8, 141:19-21.) Asked where either order gave him authority over another Choudhri-family company, MCITBE LLC, he testified:

> Q: "So getting back to where I started sort of, in this order, either order A or D, can you tell me where you have authority over MCITBE?"
>
> A: "No. We'd have to go through this. And I mean, we've been sitting here for like seven hours." (*Id.* 154:1-5.)

34. He testified that the Orders contain a procedure for third parties:

> "22D has a procedure for disputed rights . . . third parties have a procedure whereby we can adjudicate it in front of Judge Wilson and adjudicate their rights." (*Id.* 163:19-23.)

35. Vargo did not invoke that procedure against Arabella PH 3201 LLC before September 15, 2026, and has not invoked it since.

36. On October 12, 2026, Vargo stated in a filing in Adv. No. 26-03644 (Bankr. S.D. Tex.) that he, "seeking to obtain possession and control of the . . . LLC's of Choudhri in accordance with the 14th Court of Appeals ruling in WC 4th & Colo. v. Colo. Third St., LLC sought and obtained a ruling from the Receivership Court

that the Arabella Penthouse was subject to possess and sale by the Receiver." (Ex. VV, ECF 25 ¶ 11.)

**C. Federal Bankruptcy Courts' Rulings on the Limits of the Turnover Orders**

37. On October 17, 2025, in *In re 1001 WL, LLC*, No. 24-10119 (Bankr. W.D. Tex.), the court described the Receivership Assets under the Amended Orders as "all assets owned by Choudhri, except his ownership interests in any limited liability company," and held that *WC 4th* "is not relevant to the Court's decision here, as the Choudhri LLCs are exempt from turnover in the Amended Orders." (Ex. U, ECF 996 at 7, 8 n.36.) The same footnote appears in the order entered in *In re Texas REIT, LLC*, No. 24-10120, ECF 784 at 8 n.36.

38. On October 17, 2025, in *In re RIC (Lavernia) LLC*, No. 24-51195 (Bankr. W.D. Tex.), the court stated that "the Amended Orders expressly and unconditionally except the Choudhri LLCs from turnover," that it was not holding that the orders "turn over any of the judgment debtors' ownership interest," and that the receiver's interest in LLC real property runs through "distributions or proceeds to Mr. Choudhri." (Ex. V, ECF 304 at 6-7 & nn.6-7.)

39. Vargo has cited both orders as the source of his authority over Choudhri entities. (Ex. FF ¶ Q.) Arabella PH 3201 LLC was not a party to either proceeding.

40. On September 23, 2026, after hearing Vargo's testimony, the bankruptcy court in *MCITBE* observed that there were "definitional issues" in the Turnover Orders and that *WC 4th* "expands the Receiver's powers by essentially giving him more than

the charging order in Paragraph 18 would otherwise give him." (Ex. RR, Tr. 171:16-172:20.)

**D. The Unit and Vargo's Admissions About Its Ownership**

41. Arabella PH 3201 LLC acquired the Unit from Anosh Ahmed by General Warranty Deed dated November 11, 2021, recorded as Document No. RP-2021-654150. Ahmed had acquired it from Chetan and Shalini Gupta by deed recorded September 27, 2021 as Document No. RP-2021-553460. (Ex. N.) The Harris County Appraisal District values the Unit at $3,436,100.

42. Vargo and his counsel have stated repeatedly that Arabella PH 3201 LLC owns the Unit:

a. In his motion for writ of possession: "ARABELLA is the record owner." (Ex. T.)

b. On August 19, 2026, Poynter wrote to counsel for taxing authorities: "Two of the receivership assets in custodia legis are Arabella PH 3201 LLC and the real property it owns." (Ex. S.)

c. On August 26, 2026, at a hearing in Harris County, Poynter stated: "The record owner is not Mr. Choudhri. . . . It's an entity called Arabella PH 3201, LLC." (Ex. XX, Tr. 12:19-23.) Later in the same hearing he said:

> "Arabella PH 3201 is the record titleholder. He can't have homestead in property he doesn't own. . . . He doesn't own it. An LLC does." (*Id.* 37:7-11.)

d. On October 9, 2026, in the District of Wyoming, that title to the Unit lies in Arabella PH 3201 LLC. (Ex. WW, Doc. 32 ¶ 8.)

e. On October 1, 2026, in this Court: "the Receiver does not assert title adverse to Plaintiff." (Doc. 11 ¶ 48.)

43. Mr. Choudhri has asserted in other courts that the Unit is his homestead. That claim is not presented in this action, and nothing in this pleading is offered to waive or impair it.

**E. The July 28 Order, Entered Without Notice to Arabella PH 3201 LLC**

44. On June 12, 2026, Vargo moved in the A-Case for a writ of possession for the Unit. The certificate of eService for that motion (Envelope No. 116103935) lists seventeen recipients. Neither Arabella PH 3201 LLC nor any registered agent or counsel for Arabella PH 3201 LLC appears on it. (Ex. BB.)

45. On June 19, 2026, after the motion had been served on the parties of record, counsel filed an opposition captioned for "Defendants Ali Choudhri and Arabella PH 3201 LLC." No citation to Arabella PH 3201 LLC preceded that filing.

46. On July 28, 2026, the 333rd District Court signed an Order Granting Receiver's Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St #3201 (the "July 28 Order"). It directed the clerk to issue a writ of possession to Vargo "to remove all occupants and personal property from the Penthouse," authorized Vargo to engage a realtor and market and sell the Unit, and declared Documents Nos. RP-2024-272170 and RP-2026-83776 void. (Ex. A.) The writ order was recorded on August 4, 2026 as Document No. RP-2026-316784. The writ issued on August 6, 2026.

47. The July 28 Order issued on written submission. No evidentiary hearing was held. No pleading in either cause asserted a trespass-to-try-title claim, a suit to quiet title, or a claim for declaratory judgment against Arabella PH 3201 LLC. (Exs. J, K.)

48. The July 28 Order did not declare void the November 11, 2021 deed to Arabella PH 3201 LLC. The two instruments it declared void were a deed from Anosh Ahmed to Mr. Choudhri (Document No. RP-2024-272170) and a correction deed from Arabella PH 3201 LLC to Mr. Choudhri (Document No. RP-2026-83776). (Exs. A, D, E.)

**F. Vargo's Attempts to Execute the Writ Before September 15, 2026**

49. On August 6, 2026 at 4:16 p.m., the presiding judge of the 333rd District Court directed all counsel by email: "I am ordering the receiver to not take any action with respect to this property for two weeks." Vargo acknowledged the directive ten minutes later.

50. On the morning of August 21, 2026, Vargo came to the Unit with, in his words, "teams of packers and movers." The Harris County Attorney's Office stopped the execution that morning. At 8:54 a.m. Vargo wrote directly to the presiding judge asking for a ruling and offering his cell number "for an emergency hearing, if necessary." (Ex. P.) The same day, a temporary restraining order issued in Cause No. 2026-59605 in the 127th District Court restraining the Precinct One Constable

from executing the writ. Vargo intervened. The order was dissolved and the case dismissed for want of jurisdiction on September 1, 2026. (Exs. L, Q.)

51. On August 25, 2026, Vargo wrote to counsel for a taxing authority that he needed "a couple months to sell it," that "there is a ton of equity in the property so you all should feel comfortable about getting paid," and that he had "money in my receivership." (Ex. S.)

52. Paragraph 51 of the D-Case Order pays the Receiver twenty-five percent of all sales of receivership assets. On a sale at the appraised value, that is approximately $859,025.

53. By September 2, 2026, the Precinct One Constable had posted at the Unit a "Final Notice" stating that a writ of possession had issued in "Ali Mokaram vs. Ali Choudhri, et al," Cause No. "201227197A," and would be executed "on or after" 12:30 p.m. on September 12, 2026. (Ex. ZZ.) Ali Mokaram is the judgment creditor in the D-Case, not the A-Case. Arabella PH 3201 LLC is not named in the notice.

54. On September 8, 2026 at 8:39 p.m., asked whether he opposed a stay of execution, Vargo answered "Opposed" and directed Mr. Choudhri to "move your personal property out of the real property." (Ex. II.)

## G. The September 10 Agreement and Arabella PH 3201 LLC's Chapter 11 Petition

55. On September 10, 2026, at a temporary restraining order hearing in Cause No. 2026-63841, *Choudhri v. Rosen*, before the Honorable Tracy Good, Vargo, with Poynter present, stated on the record:

> MR. VARGO: "So, long as there's no orders coming out of this, I'm not removing him from the home. So, I have no objections."
>
> THE COURT: "All right. You got that on the record. You're not removing him from the home. You have no objections, right?"
>
> MR. VARGO: "Prior to?"
>
> THE COURT: "Monday the 14th. You will not remove Mr. Choudhri or his mother from the home until a hearing that's scheduled for the 14th in the 133rd; is that correct, yes?"
>
> MR. VARGO: "Yes." (Ex. LL, Tr. 5:25-6:11.)

56. The court stated: "Nothing will happen until after the presiding judge holds your hearing on the 14th." It closed the hearing by stating that "nobody within the hearing of my voice is going to do anything to effect the eviction," and: "We're all in agreement and got it on the record." (*Id.* 8:1-8, 8:21-9:3.)

57. Counsel for Defendant Rosen, Assistant Harris County Attorneys Felipe Guevara and Courtney Carlson, attended the September 10, 2026 hearing. (Ex. LL at 2.)

58. On September 14, 2026, before the hearing set for that afternoon, Cause No. 2026-63841 was transferred to the 333rd District Court and removed to the United States Bankruptcy Court for the Southern District of Texas, where it is pending as Adv. No. 26-03650. The hearing contemplated on September 10 has not been held.

59. On September 11, 2026, Arabella PH 3201 LLC filed its chapter 11 petition in the District of Wyoming, No. 26-20432. The automatic stay of 11 U.S.C. § 362(a) arose that day and remained in effect through October 1, 2026.

**H. The September 15, 2026 Entry and Seizure**

60. On the morning of September 15, 2026, Vargo, Poynter, deputies of the Harris County Constable, Precinct One, and approximately eight movers came to the Unit to execute the writ.

61. They entered the Unit. Law enforcement was present throughout. (Ex. WW, D. Wyo. Doc. 35 ¶ 5.) The movers boxed the contents of the Unit, including papers and files. Vargo, the constable's deputies, and the movers went through papers, files, and effects. The occupants, Mr. Choudhri and a family member residing with him, were removed. The locks were changed, and the occupants were denied access. Mr. Choudhri recorded four videos on his cell phone that morning. They show Vargo, Poynter, the constable's deputies, and the movers inside the Unit. (Exs. OO-1 to OO-4.) The movers, in company shirts, waited in the building lobby with Vargo and a deputy and brought packing materials up to the Unit. (Ex. OO-3.) Inside, a constable's sergeant sat at the kitchen island with papers while Vargo stood beside him. (Ex. OO-2.)

62. At the outset, as they came into the Unit, Vargo and Poynter were told that Arabella PH 3201 LLC had filed a chapter 11 petition and that the automatic stay was in effect, and they were offered a call to counsel. The constable's deputies

were present in the Unit. Vargo and Poynter declined the call and proceeded, and the deputies continued the execution. The video records the exchange. (Ex. OO-2.)

63. On September 15, 2026, Assistant Harris County Attorney Gina Boul told counsel for Arabella PH 3201 LLC that the County had analyzed the Wyoming bankruptcy and did not consider the automatic stay to apply to the Unit.

64. Among the papers boxed and removed were Arabella PH 3201 LLC's books and records and Mr. Choudhri's personal papers and property.

65. At 12:13 p.m., the presiding judge of the 333rd District Court, the Honorable Randy Wilson, wrote to Vargo: "In light of the various bankruptcy filings, I am ordering Mr. Vargo to stop the seizure of Mr. Choudhri's residence." (Ex. MM.)

66. At 12:59 p.m., forty-six minutes later, Vargo wrote: "This confirms that everyone has been removed from the unit with the supervision of law-enforcement and the locks have been secured." (Ex. MM.)

67. At 1:30 p.m., Judge Wilson signed an Emergency Order Staying Execution of Writ of Possession and Directing Immediate Stand-Down. The order directed Vargo and the constable to stand down, permitted re-entry, and directed the return of removed personal property and of the original locks and access credentials. (Ex. NN; Doc. 11-4.)

68. The entry, packing, and removal took hours. After the stand-down order, the locks had to be changed back before access to the Unit was restored.

69. Vargo describes September 15 this way: "The writ was executed but the 333rd ordered the property temporarily returned." (Doc. 11 ¶ 11.)

70. After he was told of Arabella PH 3201 LLC's petition, Vargo did not stop the execution or ask the Wyoming bankruptcy court, or any court, for relief from the stay. He did not invoke the third-party procedure in paragraph 22(d) of the A-Case Order. He did not tell the court in Cause No. 2026-63841 that he intended to proceed before the hearing he had agreed to await.

**I. After September 15**

71. Property boxed on September 15 remains in boxes. Files and personal property are missing. Vargo has not accounted for what was removed from the Unit and has not returned Arabella PH 3201 LLC's records.

72. At 3:24 p.m. on September 15, 2026, Judge Wilson gave notice of a hearing at 10:00 a.m. the next day "to discuss the status of these matters and the various bankruptcies." At 5:12 p.m., he cancelled it. (Ex. MM.) No court has held a hearing since on the stand-down order, on the return of the property, or on the September 15 entry.

73. Arabella PH 3201 LLC told the Wyoming bankruptcy court that records needed to cure its filing deficiencies were among the papers removed from the Unit on September 15. (Ex. WW, Doc. 28.) Vargo opposed reinstatement. (Ex. WW, Doc. 32.) In opposing reinstatement, Vargo argued that Arabella PH 3201 LLC had filed in bad faith. (Ex. WW, Doc. 32 at 2, 10.) The court denied reinstatement on October 13, 2026 because the filing deficiency "has not been cured timely or

completely; there are still quite a few missing documents." (Ex. WW, Doc. 34 at 2.)

74. Vargo now asserts that law enforcement was present throughout the September 15 entry "and no records were packed, taken, or placed in disarray." (Ex. WW, Doc. 35 ¶ 5.) The videos show movers' carts and open moving boxes inside the Unit. (Exs. OO-1, OO-4.)

75. Vargo continues to assert that the July 28 Order authorizes him to take possession of, market, and sell the Unit. No order of any court has authorized a sale of the Unit after notice to Arabella PH 3201 LLC and a hearing.

76. On October 19, 2026, Vargo sent Judge Wilson a proposed order "to allow the Receiver to resume the writ of possession and commence the marketing/sales process." He wrote that the proposed order "makes findings that were requested in the Receiver and Mr. Choudhri's prior motion(s) regarding Arabella," and he asked for "direction regarding notice to vacate." Neither Arabella PH 3201 LLC nor its counsel in this action was copied. (Ex. MM.) Vargo sent the proposed order by email only. He has filed no motion for it, and as of October 22, 2026, no hearing has been set and the proposed order has not been signed.

77. On October 13 and October 22, 2026, Mr. Choudhri asked counsel for Defendant Rosen to confirm in writing that the writ would not be executed again before a hearing. On October 22, 2026, counsel for Rosen responded: "Constable Rosen will continue to adhere to all lawful orders issued by the Courts." (Ex. EEE.)

## J. Vargo's Collections and Reports

78. Each Turnover Order requires Vargo to "file reports with this Court every 90 days" and to "account for expenses incurred in his reports and file accountings requesting reimbursement or fees." (Ex. B ¶¶ 39, 43; Ex. C ¶¶ 45, 49.) Each presumes a receiver's fee of twenty-five percent of all sales of receivership assets and of "all recoveries and credits against the Judgment(s)." (Ex. B ¶ 45; Ex. C ¶ 51.)

79. Vargo has served as receiver since April 2025. He filed his first report of collections on March 3, 2026 and his second on May 21, 2026. (Exs. BBB, EE.) Arabella PH 3201 LLC has found no report of collections filed in either cause after May 21, 2026.

80. In his second report, Vargo reported $876,059.80 collected from the sale of the Memorial Glen Cove properties and asked to pay $394,226.90 "to the Judgment Creditors c/o their attorneys of record, which shall be a credit against the Judgments." (Ex. EE ¶ 16(d).) The report does not state which judgment the payment is credited against, how it is divided among the judgment creditors, or what balance remains on any judgment.

81. Vargo's first report shows $2,555,081.76 collected and asks to pay $1,255,535.22 to the judgment creditors as "a credit against the Judgments." (Ex. BBB.) His second report shows $876,059.80 collected and asks to pay $394,226.90 on the same terms. (Ex. EE ¶¶ 1, 16(d).) Together, the two reports show $3,431,141.56 collected and $1,649,762.12 paid to judgment creditors under orders signed April

7 and June 10, 2026. Neither report states how those payments were allocated among Abdullatif's A-Case judgment and the D-Case recoveries of Ali Mokaram and Erika Nemeti, or the balance remaining on any of them. Arabella PH 3201 LLC has found no order in either cause directing how collections are to be credited among the judgments.

82. The writ for the Unit issued in the A-Case. The A-Case judgment was $3,332,366.98 when signed on October 23, 2023. With post-judgment interest at 8.50 percent compounded annually, the Texas post-judgment rate when the judgment was signed, it was approximately $4.25 million on October 20, 2026, before credit for any payment. Together, the A-Case and D-Case judgments were approximately $8.6 million on that date before credits. Because Vargo has not reported how payments have been credited, the remaining balance of the A-Case judgment cannot be determined from his filings. The Unit is appraised at $3,436,100.

## K. Vargo's Course of Conduct Toward Other Non-Debtor Entities

83. The following paragraphs concern other entities on the Choudhri LLC list and other entities for which Vargo has acted as receiver. Arabella PH 3201 LLC seeks no relief for any other entity.

84. *Memorial Glen Cove, LLC.* Memorial Glen Cove, LLC is item (x) on the Choudhri LLC list. It held record title to 207 Malone Street and 5803 Blossom Street in Houston. It was not a party to either cause and was not served. Vargo took

possession of both properties and sold them for combined proceeds of $876,059.80. On June 10, 2026, the state court approved $219,014.95 in fees, calculated at twenty-five percent of the gross proceeds, and $71,377.37 in expenses to Vargo. None of the proceeds went to the company. Vargo reported that "most underwriters will not issue title insurance for Receiver's sales" and that $262,817.95 was held back under title-insurer indemnity agreements, to be released upon a "permanent injunction barring Choudhri from filing legal action regarding the Property." (Ex. EE ¶ 15.)

85. *MCITBE LLC.* MCITBE LLC is item (n) on the Choudhri LLC list. On February 3, 2026, Vargo recorded a Notice of Receivership claiming "all rights and control to MCITBE, LLC" and its real property at 2232 Swift Boulevard. (Ex. Z.) He delivered that notice to MCITBE's lender and asked the lender for a payoff amount on MCITBE's loan. (Ex. AAA, Gribble Dep. 61:13-15, 172:12-19 (Sept. 22, 2026).) Defendant Abdullatif, whose abstract of judgment clouds MCITBE's title, approached the same lender in person at a 2026 foreclosure attempt and offered to buy the property or the note. (Ex. AAA, Gribble Dep. Vol. 2, 120:21-121:18 (Aug. 27, 2026); Gribble Dep. 42:10-20, 45:1-17, 52:10-12 (Sept. 22, 2026).) On July 14, 2026, he moved to dismiss MCITBE's chapter 11 case on the ground that it is an entity "over which the Receiver has exclusive authority and control." (Ex. W.) On September 23, 2026, he testified that he could not point to a provision of either Order giving him authority over MCITBE. (Ex. RR, Tr. 154:1-5.)

86. *Galleria Loop Note Holder, LLC.* That entity appears nowhere in either Turnover Order and is one of the three entities Vargo said on April 4, 2025 that he did not direct. (Ex. F.) In December 2025, through counsel signing as "COUNSEL FOR TRAVIS VARGO, AS RECEIVER," Vargo stipulated to a proposed $42,371,306.88 judgment against that entity and against Mr. Choudhri individually as guarantor in Cause No. 2023-84714, plus interest at $16,612.89 per day through entry and post-judgment interest at 15.25 percent. (Ex. FF.) He also settled litigation involving that entity "in exchange for valuable consideration paid to the Receiver." (Ex. KK ¶ 6.a.) The proposed judgment exceeds the combined balance of the A-Case and D-Case judgments before credits, approximately $8.6 million (Section IV.J), by more than $33 million. In his March 3, 2026 report, which he verified by unsworn declaration under penalty of perjury, Vargo listed among his collections $225,000 described as "Settlement and resolution of claims on behalf of Milestone Capital CRE1 LLC and Otisco RDX LLC," which he described as authorized by the bankruptcy judge in No. 24-51195 and "authorized by Judge Christopher Bradley" in No. 24-10119. (Ex. BBB ¶¶ 1, 8.) On April 15, 2026, he told the state court that the stipulated judgment was part of that settlement, which he said followed "Bankruptcy Court approval in the RICL Bankruptcy." (Ex. CCC ¶ 12.) The settlement agreement states that Vargo's agreements in it on behalf of Mr. Choudhri, Galleria Loop Note Holder, LLC, and the other entities "over which the Receiver asserts control" are "subject only to approval by the bankruptcy court with jurisdiction over the assets of a debtor

owned and controlled by Choudhri." (Ex. CCC, Ex. C, Operative Provisions n.1.) Arabella PH 3201 LLC has found no order in either bankruptcy case approving Vargo's settlement with Romspen. On October 7, 2026, TIG Romspen US Master Mortgage LP filed a revised proposed final judgment reciting that it is "unopposed by Travis Vargo as state court-appointed receiver" on behalf of Galleria Loop Note Holder, LLC and Mr. Choudhri, with interest at $16,612.89 per day "from June 16, 2025." Vargo's counsel signed it "Agreed as to form only." (Ex. DDD.) At that rate, the amount stated exceeds $50 million as of October 22, 2026. The motion for entry of the stipulated judgment is set for an in-person hearing on December 3, 2026.

87. *Recorded notices.* Vargo has recorded notices of receivership and notices of lis pendens against real property owned by entities that are not judgment debtors, including 2232 Swift Boulevard and 3550 Charleston Street. (Exs. Z, EE ¶ 2.)

88. *Meandering Bend, LLC.* Vargo sought turnover of Mr. Choudhri's membership interest in Meandering Bend, LLC by motion in the state court. (Wilson, Aug. 13, 2025 Tr. 11:24-12:2.)

## V. <u>CLAIMS FOR RELIEF</u>

Claims I, III, and IV are asserted against Vargo individually. Claim II is asserted against Vargo and Rosen individually and against Rosen in his official capacity and Harris County. Claims V and VI are asserted under Texas law against the Defendants named in each. Claim VII is asserted under 11 U.S.C. §§ 105(a) and 362.

**CLAIM I – Deprivation of Property Without Due Process of Law – Fourteenth Amendment, 42 U.S.C. § 1983 (*Arabella PH 3201 LLC Against Vargo*)**

89. Plaintiffs repeat, reallege, and incorporate by reference each preceding paragraph as if fully set forth herein.

90. Vargo acted under color of state law. He holds his position by state-court appointment, describes himself as "an agent of this Court," invoked state process to obtain the July 28 Order and the writ, and executed the writ jointly with deputies of the Harris County Constable.

91. Arabella PH 3201 LLC holds record title to the Unit and the right to possess it, and owns its books and records. Each interest is property protected by the Fourteenth Amendment.

92. Vargo deprived Arabella PH 3201 LLC of those interests by obtaining and executing process against the Unit, entering and seizing it, changing its locks, removing and retaining its contents and Arabella PH 3201 LLC's records, recording the writ order against the Unit, and asserting the right to market and sell it.

93. Arabella PH 3201 LLC received no notice and no opportunity to be heard before the deprivation. It was not cited or served in the A-Case. The July 28 Order issued on submission without an evidentiary hearing. Vargo bypassed the procedure in paragraph 22(d) of the A-Case Order that he testified exists for third parties.

94. The entry was planned in advance, carried out under an order Vargo sought, and executed on a date he chose. Before the entry, Vargo could have sought a hearing

in the appointing court under paragraph 22(d) of the A-Case Order, moved for relief from the stay in the Wyoming bankruptcy court, or waited for the hearing he agreed on September 10 to await.

95. Arabella PH 3201 LLC suffered actual damages, including loss of use and possession of the Unit, the cost of restoring access and re-keying, the loss of records and property, and harm to its chapter 11 case. Arabella PH 3201 LLC seeks actual and nominal damages and attorney's fees under 42 U.S.C. § 1988.

**CLAIM II – Unreasonable Seizure of Property – Fourth Amendment, as Incorporated by the Fourteenth Amendment, 42 U.S.C. § 1983 (*Both Plaintiffs Against Vargo, Rosen, and Harris County*)**

96. Plaintiffs repeat, reallege, and incorporate by reference each preceding paragraph as if fully set forth herein.

97. On September 15, 2026, Vargo and deputies of the Harris County Constable, Precinct One, acting jointly, seized the Unit and its contents, including Arabella PH 3201 LLC's books and records and Mr. Choudhri's personal property, and removed Mr. Choudhri from his residence, by entering, changing the locks, excluding the occupants, and boxing and removing property.

98. The seizure was unreasonable. It was made (a) while the automatic stay in Arabella PH 3201 LLC's chapter 11 case was in effect, without relief from that stay, and continued after Vargo, Poynter, and the deputies present were told of the petition and the stay; (b) contrary to Vargo's on-the-record agreement of September 10, 2026 not to remove the occupants before a hearing that had not

occurred; (c) under an order to which Arabella PH 3201 LLC was not a party, against property owned by a Choudhri LLC; and (d) in part after the presiding judge of the appointing court ordered Vargo to stop.

99. The deputies acted for Defendant Rosen's office in executing the writ. Rosen has final authority over how his office executes writs of possession, and his office carried out the September 15 execution. Harris County is sued for the acts of Rosen as its final policymaker for the execution of writs in Precinct One. Rosen is sued in his individual and official capacities.

100. Plaintiffs' records and property have not been fully returned. Plaintiffs seek actual, nominal, and, against Vargo and Rosen individually, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

**CLAIM III – Taking of Property Without Just Compensation (in the Alternative) – Fifth Amendment, as Incorporated by the Fourteenth Amendment, 42 U.S.C. § 1983 (*Arabella PH 3201 LLC Against Vargo*)**

101. Plaintiffs repeat, reallege, and incorporate by reference each preceding paragraph as if fully set forth herein.

102. Arabella PH 3201 LLC pleads this Claim in the alternative under Rule 8(d)(2) and (3).

103. On September 15, 2026, Vargo, acting under color of state law, physically appropriated the Unit and Arabella PH 3201 LLC's personal property, books, and records, and he retains part of what he took.

104. No compensation has been paid. Arabella PH 3201 LLC seeks just compensation, interest, and attorney's fees under 42 U.S.C. § 1988.

**CLAIM IV – Declaratory Judgment – 28 U.S.C. §§ 2201-2202 (*Arabella PH 3201 LLC Against Vargo*)**

105. Plaintiffs repeat, reallege, and incorporate by reference each preceding paragraph as if fully set forth herein.

106. An actual controversy exists. Vargo asserts the right to possess, market, and sell the Unit and to retain property removed from it. Arabella PH 3201 LLC contends that no order binding on it and no provision of the Turnover Orders authorizes those acts against its property.

107. Arabella PH 3201 LLC asks for a declaration, limited to Arabella PH 3201 LLC, the Unit, and Arabella PH 3201 LLC's property, that:

a. Arabella PH 3201 LLC was not a party to, or bound by, the July 28 Order or any proceeding in the A-Case or D-Case;

b. the charging orders in the Turnover Orders entitle Vargo, at most, to distributions payable to Mr. Choudhri, and confer no right to possess, manage, market, sell, or encumber property owned by Arabella PH 3201 LLC;

c. Vargo has no authority under the Turnover Orders or Texas Civil Practice and Remedies Code § 31.002 to take possession of, market, sell, or encumber the Unit without first obtaining, after notice to Arabella PH 3201 LLC and a hearing, an adjudication binding on it; and

d. Vargo is not entitled to any fee, commission, or reimbursement measured by the value of the Unit or of Arabella PH 3201 LLC's property absent such an adjudication.

108. Arabella PH 3201 LLC does not seek a declaration that reviews or modifies any state-court order as to any party bound by it. This Claim seeks prospective relief that is independent of Claims I through III and that survives any ruling on damages.

**CLAIM V – Trespass to Try Title, Quiet Title, Trespass, and Conversion – Texas Law (*Both Plaintiffs Against Vargo and the Firm; title and cloud claims by Arabella PH 3201 LLC only*)**

109. Plaintiffs repeat, reallege, and incorporate by reference each preceding paragraph as if fully set forth herein.

110. Arabella PH 3201 LLC holds record title to the Unit under Document No. RP-2021-654150. Arabella PH 3201 LLC seeks a determination of title and possession under Texas Property Code § 22.001 and removal of the cloud created by Document No. RP-2026-316784 and any other instrument Vargo has recorded against the Unit to the extent it purports to divest or encumber Arabella PH 3201 LLC's title.

111. On September 15, 2026, Vargo and Poynter, acting for the Firm and within the course of the Firm's engagement as counsel to Vargo, entered the Unit without Arabella PH 3201 LLC's consent, excluded Arabella PH 3201 LLC's manager and

the occupants, and caused Arabella PH 3201 LLC's books, records, and property to be boxed and removed.

112. Vargo and the Firm exercised dominion and control over Arabella PH 3201 LLC's books, records, and personal property and have not returned them after demand, including the demand in the 1:30 p.m. stand-down order.

113. Mr. Choudhri lived in the Unit with the consent of Arabella PH 3201 LLC and held a possessory interest in it. Vargo and Poynter entered without his consent, removed him, and caused his personal property to be boxed and removed. Vargo and the Firm have not returned all of it.

114. Arabella PH 3201 LLC seeks title and possession and removal of cloud. Both Plaintiffs seek return of their property and actual damages.

**CLAIM VI – Money Had and Received and Unjust Enrichment – Texas Law (*Arabella PH 3201 LLC Against Vargo, the Firm, and Abdullatif*)**

115. Plaintiffs repeat, reallege, and incorporate by reference each preceding paragraph as if fully set forth herein.

116. Any funds Vargo, the Firm, or Abdullatif receives from the sale, rental, or encumbrance of the Unit, or from property removed from it, belong in equity and good conscience to Arabella PH 3201 LLC. Arabella PH 3201 LLC seeks restitution of those funds and a constructive trust limited to them.

**CLAIM VII – Violation of the Automatic Stay – 11 U.S.C. §§ 105(a), 362(a), 362(k)**
**(*Arabella PH 3201 LLC Against Vargo, Rosen, and Harris County*)**

117. Plaintiffs repeat, reallege, and incorporate by reference each preceding paragraph as if fully set forth herein.

118. On September 11, 2026, Arabella PH 3201 LLC filed its chapter 11 petition, No. 26-20432. Under 11 U.S.C. § 362(a)(3), the petition stayed any act to obtain possession of property of the estate or to exercise control over property of the estate, including Arabella PH 3201 LLC's interest in the Unit and its books and records.

119. On September 15, 2026, while the stay was in effect, Vargo, Poynter, and the deputies of Rosen's office entered the Unit, took possession of it, changed its locks, and boxed and removed its contents, including Arabella PH 3201 LLC's books and records. They were told of the petition and the stay at the outset and proceeded. No Defendant sought relief from the stay before or after September 15.

120. Arabella PH 3201 LLC was damaged by these acts, including the cost of restoring access and re-keying, the loss of its books and records, the dismissal of its chapter 11 case while those records were missing, and attorney's fees.

121. Arabella PH 3201 LLC seeks actual damages, attorney's fees, and punitive damages under 11 U.S.C. § 362(k), and, in the alternative, the same relief as sanctions for civil contempt under 11 U.S.C. § 105(a).

## VI. EXEMPLARY DAMAGES

122. Vargo entered the Unit on September 15, 2026 after his April 2025 statements that the Turnover Orders gave him only a charging order over the Choudhri LLCs, after he was told of the automatic stay, and contrary to his September 10 agreement. The removal continued after the presiding judge ordered him to stop at 12:13 p.m. Plaintiffs seek punitive damages against Vargo and Rosen under Section 1983 and exemplary damages under Texas Civil Practice and Remedies Code Chapter 41 on the Texas-law claims.

## VII. INJUNCTIVE RELIEF

123. Plaintiffs seek preliminary and permanent injunctive relief against Vargo, the Firm, and those acting in concert with them, restraining them from entering, taking possession of, listing, marketing, selling, or encumbering the Unit absent an adjudication binding on Arabella PH 3201 LLC after notice and a hearing, and requiring the return of Arabella PH 3201 LLC's books, records, and property removed on September 15, 2026, together with an accounting of what was removed. Arabella PH 3201 LLC does not ask this Court to enjoin any state court or state-court proceeding. The Unit is unique, and its loss could not be remedied by damages.

## VIII. CONDITIONS PRECEDENT

124. All conditions precedent to Plaintiffs' claims have been performed or have occurred.

## IX. JURY DEMAND

125. Plaintiffs demand a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b).

## X. REQUEST FOR RELIEF

Plaintiffs ask the Court to enter judgment for them and against each Defendant liable on a claim pleaded, and to:

a. enter the declarations requested in Claim IV;

b. award actual, nominal, and consequential damages;

c. award just compensation under Claim III in the alternative;

d. award damages and attorney's fees for violation of the automatic stay under Claim VII;

e. award punitive damages against Vargo and Rosen under Section 1983 and 11 U.S.C. § 362(k), and exemplary damages under Texas law;

f. determine title and possession of the Unit in Arabella PH 3201 LLC's favor and remove the cloud on its title;

g. order the return of Plaintiffs' books, records, and property removed on September 15, 2026, and an accounting of everything removed from the Unit that day;

h. grant preliminary and permanent injunctive relief as requested in Section VII;

i. order restitution and impose a constructive trust over funds traceable to the Unit or Arabella PH 3201 LLC's property;

j. award attorney's fees and costs under 42 U.S.C. § 1988 and as otherwise allowed by law;

k. award pre-judgment and post-judgment interest; and

l. grant all other relief to which Plaintiffs are entitled.

Date: October 22, 2026

Respectfully submitted,

*/s/ Courtney A. Vincent*
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
SDTX Bar No.: 3746531
***Vincent Civil Rights – a Division of Vincent Law, PLLC***
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
**Mailing Address:**
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
Fax: (832) 603-4444
**info@vincentlawpllc.com**

**ATTORNEY FOR PLAINTIFFS ARABELLA PH 3201 LLC AND ALI CHOUDHRI**

## CERTIFICATE OF SERVICE

I certify that on October 22, 2026, this First Amended Complaint was filed through the Court's CM/ECF system, which will send notice to all counsel of record, including counsel for Defendants Travis B. Vargo and The Vargo Law Firm, P.C. Defendants Osama Abdullatif, Alan Rosen, and Harris County, Texas, who have not appeared in this action, will be served under Federal Rule of Civil Procedure 4 and, as to Abdullatif, any order of the Court authorizing substituted service.

*/s/ Courtney A. Vincent*

**Courtney A. Vincent**

## INDEX OF EXHIBITS

Exhibits A through KK listed below were filed with the Original Complaint (Doc. 1) and are refiled with this pleading under the same letters. Exhibits LL through EEE are new.

| | |
|---|---|
| Exhibit A | Order Granting Receiver's Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St. #3201, Houston, Texas, signed July 28, 2026, Cause No. 2012-27197-A |
| Exhibit B | Amended Order Granting Turnover, Charging Order and Appointment of Receiver, Cause No. 2012-27197-A, filed April 9, 2025 (certified) |
| Exhibit C | Amended Order (2) Granting Turnover, Charging Order and Appointment of Receiver, Cause No. 2012-27197-D, filed April 8, 2025 (certified) |
| Exhibit D | General Warranty Deed, Anosh Ahmed to Ali Choudhri, recorded July 29, 2024, Doc. No. RP-2024-272170 (certified) |
| Exhibit E | Correction General Warranty Deed, Arabella PH 3201 LLC to Ali Choudhri, recorded March 5, 2026, Doc. No. RP-2026-83776 (certified) |
| Exhibit F | Email of Travis Vargo, April 4, 2025, stating that the Receiver holds a charging order over the limited liability companies only |
| Exhibit J | Declaration of Alicia M. Matsushima, executed August 28, 2026 |
| Exhibit K | Declaration of Derek Staub |
| Exhibit L | Order Dissolving Temporary Restraining Order and Dismissing Case, Cause No. 2026-59605, signed September 1, 2026 |
| Exhibit N | General Warranty Deed, Chetan Gupta and Shalini Gupta to Anosh Ahmed, recorded September 27, 2021, Doc. No. RP-2021-553460 (certified) |
| Exhibit P | Emails of August 20 and 21, 2026 among the Receiver, counsel, and the presiding judge of the 333rd Judicial District Court concerning notice and execution of the writ of possession |
| Exhibit Q | Temporary Restraining Order signed August 21, 2026, Cause No. 2026-59605 (certified) |
| Exhibit S | Emails of August 19 and 25, 2026 from the Receiver and his counsel to counsel for the taxing authorities, Cause No. 2023-67381 |
| Exhibit T | Receiver's Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents, filed June 12, 2026, with exhibits (certified) |
| Exhibit U | Order Regarding Motions to Show Authority, *In re 1001 WL, LLC*, No. 24-10119-smr (Bankr. W.D. Tex. Oct. 20, 2025), ECF No. 996 |

| | |
|---|---|
| Exhibit V | Order Granting the Receiver's Motion to Show Authority, *In re RIC (Lavernia) LLC*, No. 24-51195-mmp (Bankr. W.D. Tex. Oct. 17, 2025), ECF No. 304 |
| Exhibit W | Motion of Travis Vargo, Court Appointed Receiver, to Dismiss Bankruptcy Proceeding for Cause, *In re MCITBE, LLC*, No. 26-32580-mvl11 (Bankr. N.D. Tex. July 14, 2026), ECF No. 21 |
| Exhibit X | Texas Secretary of State Business Organizations Inquiry, The Vargo Law Firm, P.C., Filing No. 800827908, retrieved September 2, 2026 |
| Exhibit Z | Notice of Receivership recorded February 3, 2026, Doc. No. RP-2026-38584 (certified) |
| Exhibit BB | Automated Certificate of eService and Notice of Submission, Receiver's Motion for Writ of Possession, Envelope No. 116103935, Cause No. 2012-27197-A (June 12, 2026) |
| Exhibit DD | Reporter's Record (excerpts), Motion Hearing, April 3, 2025, *In re Texas REIT, LLC*, No. 24-10120 (Bankr. W.D. Tex.) |
| Exhibit EE | Receiver's Second Report, Accounting, and Motion to Distribute, Cause No. 2012-27197-D (May 21, 2026) |
| Exhibit FF | Proposed Stipulated Final Judgment, Cause No. 2023-84714 (80th Dist. Ct., Harris County) (Dec. 19, 2025) |
| Exhibit II | Emails of September 8, 2026 among Ali Choudhri, Brian J. Hrach of the Harris County Attorney's Office, and Travis Vargo concerning the motion to stay execution and removal of personal property |
| Exhibit KK | Receiver's Report to the Court (letter to the Hon. Randy Wilson), Cause Nos. 2012-27197-A and 2012-27197-D (June 9, 2026) |
| Exhibit LL | Reporter's Record (excerpts), Temporary Restraining Order Hearing, Sept. 10, 2026, Cause No. 2026-63841 |
| Exhibit MM | Email thread "Arabella LLC / Choudhri Homestead," Sept. 15 to Oct. 19, 2026 |
| Exhibit NN | Emergency Order Staying Execution of Writ of Possession and Directing Immediate Stand-Down, Sept. 15, 2026 |
| Exhibit OO-1 | Video, Sept. 15, 2026, removal from the Unit, 0:24 (conventionally filed) |
| Exhibit OO-2 | Video, Sept. 15, 2026, Vargo and Poynter advised of the bankruptcy stay, 1:19 (conventionally filed) |
| Exhibit OO-3 | Video, Sept. 15, 2026, building lobby, 1:29 (conventionally filed) |
| Exhibit OO-4 | Video, Sept. 15, 2026, inside the Unit, 0:16 (conventionally filed) |
| Exhibit PP | Hr'g Tr., Aug. 27, 2025, *In re Meandering Bend, LLC*, No. 25-51814 (Bankr. W.D. Tex.) |

| | |
|---|---|
| Exhibit QQ | Hr'g Tr. (excerpts), Sept. 16, 2026, *In re MCITBE LLC*, No. 26-32580-mvl11 (Bankr. N.D. Tex.), ECF No. 166 |
| Exhibit RR | Hr'g Tr. (excerpts), Sept. 23, 2026, *In re MCITBE LLC*, No. 26-32580-mvl11 (Bankr. N.D. Tex.), ECF No. 201 |
| Exhibit UU | Hr'g Tr. (excerpts), Apr. 11, 2025, *In re Texas REIT, LLC*, No. 24-10120, and *WCW Houston Properties, LLC v. Texas REIT, LLC*, Adv. No. 24-01045 (Bankr. W.D. Tex.) |
| Exhibit VV | Response and Opposition of Travis Vargo, Adv. No. 26-03644 (Bankr. S.D. Tex.), ECF No. 25 (filed Oct. 12, 2026) (excerpts) |
| Exhibit WW | *In re Arabella PH 3201 LLC*, No. 26-20432 (Bankr. D. Wyo.), Doc. Nos. 28, 32, 34, and 35 (with 35-1 through 35-3) |
| Exhibit XX | Reporter's Record (excerpts), Aug. 26, 2026, Cause No. 2026-60637, *Choudhri v. City of Houston*, and related cause against Alan Rosen |
| Exhibit ZZ | Harris County Constable Precinct One "Final Notice" posted at the Unit, stating execution on or after 12:30 p.m., Sept. 12, 2026 (photograph) |
| Exhibit AAA | Depositions of Russel Gribble, corporate representative of Security State Bank & Trust, Aug. 27, 2026 (Vol. 2) and Sept. 22, 2026, *In re MCITBE LLC*, No. 26-32580-mvl11 (Bankr. N.D. Tex.) (excerpts) |
| Exhibit BBB | Receiver's Report, Accounting, and Motion to Distribute, Cause No. 2012-27197-D (Mar. 3, 2026) |
| Exhibit CCC | Receiver's Omnibus Response, Cause No. 2012-27197-A (Apr. 15, 2026), with Settlement Agreement (Ex. C thereto) |
| Exhibit DDD | Motion for Entry of Stipulated Judgment (Dec. 19, 2025) and Notice of Filing Revised Form of Proposed Judgment (Oct. 7, 2026), Cause No. 2023-84714 |
| Exhibit EEE | Email of Oct. 22, 2026 from Felipe Guevara, Assistant Harris County Attorney, to Ali Choudhri |